CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 AUG -2 PM 3:34

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| LUCY JOWERS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:15-CV-130-BL |
| CAROLYN COLVIN, Commissioner of the Social Security Administration, | § § § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER AND OPINION

Pursuant to 42 U.S.C. § 405(g), Lucy Jowers seeks judicial review of the decision of the Commissioner of Social Security, who denied her application for disability insurance benefits under Title II of the Social Security Act. This case was assigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 2). The parties have consented to proceed before a United States Magistrate Judge. (Doc. 10). After considering all the pleadings, briefs, and administrative record, this Court finds that the decision of the Commissioner is not based on legal error, is supported by substantial evidence, and is therefore affirmed and Plaintiff's case dismissed.

### I. STATEMENT OF THE CASE

Jowers filed an application for SSI on September 3, 2013, alleging impairments that were disabling as of July 31, 2010. That application was denied initially on September 26, 2013 and again on reconsideration on December 4, 2013. Jowers requested a hearing, which was held before an Administrative Law Judge (ALJ) on June 23, 2014. The ALJ issued a decision on December 19, 2014, finding Jowers not disabled.

Specifically, the ALJ found during step one that she had not engaged in substantial gainful activity since July 31, 2010. (Doc. 11-3, 22). At step two, the ALJ found that Jowers had a medically determinable impairment of obesity at the onset date, but that it was not severe, and that Jowers had no severe impairments during the insured period. (Doc. 11-3, 23). Accordingly, he determined that she "was not under a 'disability' ... at any time through December 31, 2011" when her insured status lapsed. (Doc. 11-3, 24). Jowers applied to the Appeals Council for review, which denied that review on May 6, 2015. Therefore, the ALJ's ruling is the Commissioner's final decision and is properly before the court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[t]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review.").

## II. FACTUAL BACKGROUND

According to her pleadings, testimony at the administrative hearing, and the administrative record, Jowers was 59 years old and living near, but not in the same house with, her daughter at the time of the administrative hearing. She dropped out of high school in the 11th grade. Her previous employment consisted of different types of restaurant and food service work, including managerial responsibilities.

## III. STANDARD OF REVIEW

A person is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423 (d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a "five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing [she] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the Court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452.

The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the Court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

Jowers raises one issue on appeal. She claims that the ALJ failed by not discussing a questionnaire answered by Dr. Joseph Crumbliss, her treating physician, in the text of his decision finding her not disabled. (Doc. 14, 7). She alleges this report requires the ALJ to assess a number of severe impairments during the insured period. (Doc. 14, 8). The Commissioner argues that the ALJ correctly declined to consider the opinion, as it was cursory and dated from outside the proper time period. (Doc. 18, 8-9). Jowers responds that the questionnaire, although completed outside the time of her insured status, purports to cover a period of time overlapping with her insured status and that such retrospective opinions must be considered when offered by a treating physician, even at a removed date. (Doc. 19). So, properly framed, the issue becomes: did the ALJ commit legal error in failing to explicitly respond to the retrospective opinion of this treating physician?

"[A]bsent reliable medical evidence from a treating or examining specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under ... 20 C.F.R. § 404.1527(d)(2)." *Newton*, 209 F.3d at 453. Although opinions from medical sources must be considered by the ALJ "on issues such as whether ... impairment(s) meet[ ] or equal[ ] the requirements of any impairment(s)" listed, RFC and the application of vocational factors are to be decided solely by the Commissioner. 20 C.F.R. § 404.1527(d)(2).

However, the first question is whether Dr. Crubmliss' report should be considered at all, as it is dated well after the period when Jowers was insured.

> While a retrospective opinion can prove the existence of a disability, the retrospective opinion must refer clearly to the relevant period of disability and not simply express an opinion to the claimant's current status. Records describing a claimant's current condition cannot be used to support a retrospective diagnosis of disability absent evidence of an actual disability during the time of insured status.

*McLendon v. Barnhart*, 184 Fed. App'x 430, 432 (5th Cir. 2006). "[W]hile retrospective medical diagnoses may constitute relevant evidence of the onset of disability, they must at least by corroborated by lay evidence relating back to the claimed period of disability." *Luckey v. Astrue*, 458 Fed. App'x 322, 326 (5th Cir. 2011) citing *Likes v. Callahan*, 112 F.3d 189, 191 (5th Cir. 1997)(*per curiam*).

In a report titled "Treating Physician Medical Source Statement" dated June 22, 2014, Dr. Crumbliss asserts that he has treated Jowers since 2001 and that the scope of the offered opinion dates from July 31, 2010 to June 22, 2014. (Doc. 11-8, 71). Jowers' insured status lapsed on December 31, 2011. (Doc. 11-4, 4). This report takes the form of a series of check boxes and short blanks in which Dr. Crumbliss assesses Jowers with depression, memory issues, poor motor function, hand tremors, "disturbance of gait," an inability to stand for most of an eight hour work day, an inability to sit for most of an eight hour work day, an inability to lift 20 pounds occasionally, and an inability to "perform any work on a sustained basis[.]" (Doc. 11-8, 71-75). These assertions stand alone on the face of the document, without any reference to other records or documentation on which the doctor may have based these statements, or the persistence or severity of these ailments. *Id.* Jowers would have Dr. Crumbliss' statement read to assess her with all of these maladies as severe impairments within the insured period.

Jowers offers no corroborating evidence for the opinion offered by Dr. Crumbliss, instead relying on the proposition that a treating physician's opinion is presumptively definitive, absent evidence it is medically unsound or contradictory to similar opinions. However, even if this report purported to describe her condition only during that time Jowers was insured, it would not be entitled to such weight.

The Commissioner argues that the opinion of Dr. Crumbliss offered is conclusory and insufficiently supported, as an ALJ may disregard opinions from even treating sources if they take the form of "checkbox" opinions and are unsupported by explanatory notes, objective test and examination results, or other medical records. Doc. 18, 9; *See Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011). Jowers responds that neither *Foster* nor any other court precedent allow that the opinion of a treating physician may be disregarded without explanation, and further claims that without contradictory evidence from a treating physician, the ALJ's finding that only obesity was a severe impairment could not be supported by substantial evidence.

However, such contradictory evidence is present in the other records from Dr. Crumbliss, and so his opinion cannot be said to be rejected and require *Newton* analysis. In a series of treatment notes dating from February 2009 to November 2011, there are records of visits with prescriptions for antibiotics, allergy, and cholesterol medications, and notes about diabetes, blood pressure, and weight, but no mention of a stroke or stroke symptoms, depression, motor function, hand tremors, irregular gait, or difficulty standing or sitting. (Doc. 11-8, 3-6). The ALJ referred to many of these reports explicitly before finding that "[t]here is no evidence to support the claimant's claim that she had a 'stroke' on July 31, 2010, and there is no evidence that prior to December 31, 2011, the claimant had a medically determinable impairment that would be considered 'severe.'" (Doc. 11-3, 23).

6

Although a retrospective opinion may be the basis of a disability determination where insured status has lapsed in the interim, it cannot do so without. Stated differently, a doctor's claim that a patient suffered from a limitation at a specific point in the past is not sufficient without some other evidence the patient was so afflicted at that point in time, even if that other evidence is from a lay person. Here, Jowers would have that corroboration come in the form of her testimony at the hearing that she had a stroke while at work in 2010 and uses a cane since then. (Doc. 11-3, 31). All other administrative testimony is about contemporary difficulties, not what limitations Jowers had before 2012. (Doc. 11-3, 31-36).

Even if there were not contradictions in the records provided by Dr. Crumbliss, a claimant's testimony and a checkbox-type form without reference to other medical records are insufficient to retroactively date limitations that would result in a finding of disability. *See Luckey v. Astrue*, 458 F. App'x 322 (5th Cir. 2011) ("... the only evidence corroborating [the] retrospective medical opinion was [the claimant's] testimony at the hearing; [the claimant] presented no other evidence, medical or lay, supporting [the disability onset date.] The ALJ's opinion that [claimant] was not disabled on his date last insured is supported by substantial evidence.").

It is the claimant's burden to prove a disabling limitation or combination of limitations during the period she was insured. The cursory opinion of even a treating physician – absent any reference to other medical and diagnostic records – supported only by the claimant's assertion of a disabling condition is insufficient to meet that burden. Furthermore, that same treating physician's notes from the relevant time give no reason to believe any of the alleged disabling limitations were present before December 31, 2011. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452. Therefore, the ALJ's

decision to find the absence of any severe impairment during the insured period is legally sound and supported by substantial evidence.

## V. CONCLUSION

Considering the foregoing, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and Plaintiff's complaint be **DISMISSED**.

Dated August 2, 2016.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**